**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| MACSEN MILESTONE,<br>*Plaintiff,*<br>v.<br>PROGRESSIVE PREFERRED INSURANCE CO.,<br>*Defendant.* | CIVIL ACTION<br>NO. 26-5607 |

**Pappert, J.** **September 30, 2026**

**MEMORANDUM**

Macsen Milestone was insured under an auto insurance policy issued by Progressive Preferred Insurance Company. In August 2024, Milestone was injured in a motorcycle accident and sought underinsured motorist coverage pursuant to the policy. Progressive denied coverage and Milestone sued in state court alleging breach of contract and bad faith. Progressive removed the case to federal court and filed a motion to dismiss the bad faith claim, which the Court now grants.

I

Milestone was insured by Progressive under a policy that provided $300,000 in underinsured motorist coverage. (Am. Compl. ¶ 13, Dkt. No. 10.) On August 10, 2024, Milestone was driving a 2002 Suzuki motorcycle when he was struck by a vehicle driven by Juan Cortes Colmenero. (*Id.* ¶¶ 4, 5.) Colmenero lost control of his vehicle and crossed into Milestone's lane of travel, causing a head-on collision. (*Id.* ¶ 6.)

Milestone suffered multiple injuries as a result of the accident, requiring surgery. (*Id.* ¶¶ 8, 17.)

Colmenero was insured by National General Insurance Company with liability limits of $25,000. (*Id.* ¶ 10.) On December 10, 2024, Milestone's lawyer requested Progressive's permission to settle with National General. Progressive waived its subrogation rights and consented to the settlement. (*Id.* ¶¶ 14, 15.) Progressive then denied Milestone's underinsured motorist coverage claim and determined Milestone was at fault for the collision. (*Id.* ¶ 34.)

II

To avoid dismissal under Federal Rule of Civil Procedure 12(b)(6), a complaint must "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads facts from which the court can infer "that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). Although this "plausibility standard is not akin to a 'probability requirement,'" it demands "more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556).

Assessing plausibility under *Twombly* and *Iqbal* is a three-step process. *See Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016). Step one is to "take note of the elements the plaintiff must plead to state a claim." *Id.* (alterations omitted) (quoting *Iqbal*, 556 U.S. at 675). Next, the court should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* (quoting *Iqbal*, 556 U.S. at 679). Finally, for all "well-pleaded factual

allegations, the court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* (alteration omitted) (quoting *Iqbal*, 556 U.S. at 679). If the well-pleaded facts do not nudge the "claims across the line from conceivable to plausible," the court must dismiss them. *Twombly*, 550 U.S. at 570.

III

Under Pennsylvania law, a plaintiff may recover certain damages "[i]n an action arising under an insurance policy" if "the insurer has acted in bad faith toward the insured." 42 Pa. Stat. and Cons. Stat. Ann. § 8371. Courts have defined bad faith as "any frivolous or unfounded refusal to pay proceeds of a policy." *Terletsky v. Prudential Prop. & Cas. Ins. Co.*, 649 A.2d 680, 688 (Pa. Super. Ct. 1994). To recover on a bad faith claim, a claimant is required to show by clear and convincing evidence: "(1) that the insurer did not have a reasonable basis for denying benefits under the policy and (2) that the insurer knew or recklessly disregarded its lack of a reasonable basis in denying the claim." *Rancosky v. Wash. Nat'l Ins.*, 170 A.3d 364, 377 (Pa. 2017).

Various actions by an insurer can rise to the level of bad faith, such as "lack of investigation into the facts[] or a failure to communicate with the insured." *Hamm v. Allstate Prop. & Cas. Ins.*, 908 F. Supp. 2d 656, 669 (W.D. Pa. 2012) (quoting *Frog, Switch & Mfg. Co., Inc v. Travelers Inc. Co.*, 193 F.3d 742, 751 n.9 (3d Cir. 1999). However, "mere negligence or bad judgment does not constitute bad faith; knowledge or reckless disregard of a lack of a basis for denial of coverage is necessary." *Post v. St. Paul Travelers Ins.*, 691 F.3d 500, 523 (3d Cir. 2012) (citation omitted).

Milestone claims Progressive acted in bad faith by "unfairly determining" that he "was at fault for the collision without evidence." (Am. Compl. ¶ 34.) But an insurer

does not act in bad faith by "investigating and litigating legitimate issues of coverage." *Simon Wrecking Co. v. AIU Ins.*, 530 F. Supp. 2d 706, 717 (E.D. Pa. 2008) (citation omitted). And the complaint does not state what was unfair about the determination. The fact that Progressive waived subrogation and consented to Milestone's settlement with National General, before denying Milestone's claim is not, without more, indicative of bad faith. *See Smith v. State Farm Mut. Auto. Ins. Co.*, 506 F. App'x 133, 136 (3d Cir. 2012) (affirming dismissal of bad faith claim when the insurer waived subrogation and consented to a settlement with the tortfeasor's insurance company).

To the extent Milestone relies on the "twenty-one months" that have elapsed since Progressive consented to Milestone's settlement with National General, (Pl.'s Resp. in Opp. at 11, Dkt. No. 13), this too is insufficient to nudge the "claims across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570. A delay "does not, on its own, necessarily constitute bad faith." *Kosierowski v. Allstate Ins. Co.*, 51 F. Supp. 2d 583, 589–90 (E.D. Pa. 1999) (holding that delays "are an ordinary part of legal and insurance work"). While the lack of a good faith investigation into the insurance claim can support a claim of bad faith, there are no such factual allegations of here. In fact, Milestone says he "cooperat[ed] with [Progressive's] investigation." (Am. Compl. ¶ 30.)

Courts in this district have routinely dismissed bad faith claims reciting only conclusory statements unaccompanied by factual allegations sufficient to raise the claims to a level of plausibility required to survive a Rule 12(b)(6) motion to dismiss. *See, e.g.*, *Smith*, 506 F. App'x at 136; *Barbor v. State Farm Fire & Cas. Co.*, No. 24-521, 2024 WL 3678660, at *5 (E.D. Pa. Aug. 6, 2024); *Camp v. N.J. Mfrs. Ins. Co.*, No. 16-1087, 2016 WL 3181743, at *4–6 (E.D. Pa. June 8, 2016).

Here, Milestone fails to plausibly allege that Progressive denied his UIM claim in bad faith. He alleges 22 "act[s] in bad faith" that, if taken as true, purportedly make out a claim. (Am. Compl. ¶ 36.) But each of these allegations is conclusory and unsupported by specific factual allegations. In *Smith v. State Farm*, the Third Circuit Court of Appeals affirmed the dismissal of a bad faith claim that similarly relied on a laundry list of boilerplate and conclusory allegations. 506 Fed. App'x at 136. Without facts regarding Milestone's claim and Progressive's investigation, communication, and denial of coverage, the Court is unable to infer bad faith. *See Mattia v. Allstate Ins. Co.*, No. 14-2099, 2014 WL 2880302, at *4 (E.D. Pa. June 24, 2014) (requiring plaintiffs to "describe who, what, where, when, and how the alleged bad faith conduct occurred") (citation omitted).

IV

Courts should freely grant leave to amend a complaint when justice so requires. Fed. R. Civ. P. 15(a)(2). This rule expresses "a preference for liberally granting leave to amend" unless "amendment would cause undue delay, prejudice, or that amendment would be futile." *Oran v. Stafford*, 226 F.3d 275, 291 (3d Cir. 2000). Amendment is futile when "the complaint, as amended, would fail to state a claim upon which relief could be granted." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997). The decision of whether to grant or deny leave to amend is within the sound discretion of the district court. *Cureton v. Nat'l Collegiate Athletic Ass'n*, 252 F.3d 267, 272 (3d Cir. 2001). The Court cannot conclude that it would be futile for Milestone to amend, so he will be allowed a final opportunity to do so.

An appropriate Order follows.

BY THE COURT:

***/s/ Gerald J. Pappert***
Gerald J. Pappert, J.